IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Philip Scott Steele, | C/A No. 6:25-cv-00128-DCC |
| Plaintiff, | |
| v. | **ORDER** |
| Scotty Bodiford, Municipalities of Greenville City and its County, Alicia Aiken, | |
| Defendants. | |

This matter is before the Court on Plaintiff's complaint alleging violations of his constitutional rights.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report").  On February 13, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed without prejudice, without issuance and service of process, and without leave to amend.  ECF No. 14.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff filed objections and two letters. ECF Nos. 16, 17, 19.

**APPLICABLE LAW**

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  The Magistrate Judge recommends summary dismissal because all Defendants are entitled to dismissal; abstention is appropriate for Plaintiff's claims for injunctive and declaratory relief pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971); Plaintiff has failed to state a claim for relief that is cognizable; and this action is duplicative.  ECF No. 14.  The Court has considered all 3 documents submitted by Plaintiff since the issuance of the Report as objections.[1]  ECF Nos. 16, 17, 19.  Because he filed objections, the Court's review has been de novo.

---

[1] In one of his documents, Petitioner states, "I claim all statements made by me in this civil action to be to the best of my knowledge true under the penalty of perjury."  ECF

The Magistrate Judge first analyzes the Defendants that are entitled to dismissal. He recommends dismissal of Scotty R. Bodiford with respect to any claims for false arrest or false imprisonment because Plaintiff was indicted by a grand jury for his pending charges. Plaintiff generally alleges that the indictments are not supported by probable cause. ECF No. 16 at 1. He further contends that Defendant Bodiford is violating his constitutional rights because he was required to be released after no action was taken on the warrants within 90 days. *Id.* at 2. At a later point, Plaintiff seems to agree to the dismissal of Defendant Bodiford. ECF No. 17 at 3.

Upon review, the Court agrees with the Magistrate Judge that Defendant Bodiford is subject to summary dismissal. As explained in more detail by the Magistrate Judge, claims for false arrest and false imprisonment are reviewed pursuant to the Fourth Amendment prohibition against unlawful seizures. "The Fourth Amendment is not violated by an arrest based on probable cause." *Graham v. Connor*, 490 U.S. 386, 396 (1989). A grand jury indictment is sufficient evidence of probable cause; here, Plaintiff was indicted on his pending charges. Accordingly, Defendant Bodiford is dismissed. *See United States v. Soriano–Jarquin*, 492 F.3d 495, 502 (4th Cir. 2007) (noting probable cause may be satisfied by a grand jury indictment); *McCall v. Bodiford*, C/A No. 2:15-cv-01011-TLW-MGB, 2016 WL 4498462, at *8 (D.S.C. June 15, 2016) (finding Bodiford was

---

No. 17 at 3. Accordingly, the Court will consider these documents to have been made under penalty of perjury. *See* 28 U.S.C. § 1746 (providing that a declaration under penalty of perjury can satisfy a requirement for a sworn declaration). The Court also considers that some of his statements do not reflect Plaintiff's knowledge of the facts in this case and are instead legal conclusions, general impressions, or assumptions that are contradicted by the evidence.

entitled to judgment as a matter of law on the plaintiff's claims for false imprisonment because the plaintiff had been indicted), *report adopted*, 2016 WL 4492802 (D.S.C. Aug. 26, 2016).  To the extent Plaintiff seeks to substitute parties, that request will be addressed below.

The Magistrate Judge recommends dismissal of the Municipalities of Greenville City and its County and, to the extent it is intended to be a Defendant in this action, the County Council.  The only reference in Plaintiff's objections to these Defendants occurs where Plaintiff appears to request to substitute these Defendants.  ECF No. 17 at 3.  As noted above, the Court will address substitution below.  Out of an abundance of caution for a pro se party, the Court has reviewed the portion of the Report recommending dismissal of these parties de novo and, upon such review, agrees with the recommendation of the Magistrate Judge.  Accordingly, the Municipalities of Greenville City and its County and, if necessary, the County Council are dismissed.

The Magistrate Judge recommends dismissal of Alicia Aiken because she is not a "state actor" subject to suit under 42 U.S.C. § 1983.  Plaintiff again states that he would like to substitute her as a party; however, he also makes several allegations that she committed perjury and violated his constitutional rights.  ECF Nos. 16 at 1–2; 17 at 2–3. Plaintiff's allegations against Defendant Aiken arise out of her role as a witness and her corresponding statements.  However, a witness for the State is not a "state actor" for purposes of § 1983. *See Hall v. Watson*, C/A No. 6:06-cv-3110-RBH, 2007 WL 1447755, at *3 (D.S.C. May 11, 2007), *aff'd*, 259 F. App'x 599 (4th Cir. 2007).  Accordingly, Defendant Aiken is dismissed.

4

The Magistrate Judge recommends that various judges, prosecutors, and defense attorneys be dismissed as they are either entitled to immunity or are not state actors. At one point in his objections, Plaintiff states that these individuals were never meant to be named as Defendants. ECF No. 17 at 1. He also alleges they were involved in the deprivation of his civil rights. ECF No. 16 at 1–2. Out of an abundance of caution for a pro se party, the Court has reviewed this portion of the Report de novo; upon such review the Court agrees with the recommendation of the Magistrate Judge. *See Jackson v. Hayes,* C/A No. 4:20-cv-1441-SAL-KDW, 2020 WL 4550482, at *2 (D.S.C. July 7, 2020) (finding claims against a judge related to his setting of bond were subject to dismissal based on judicial immunity), *report adopted*, 2020 WL 4548412 (D.S.C. Aug. 6, 2020); *Imbler v. Pachtman*, 424 U.S. 409 (1976) (holding that prosecutors acting within the scope of their duties have absolute immunity from liability under § 1983 for alleged civil rights violations committed in the course of proceedings that are "intimately associated with the judicial phase of the criminal process"); *Martin v. Brackett*, C/A No. 9:09-cv-792-RBH, 2009 WL 3836123, at *1 (D.S.C. Nov. 13, 2009) ("Attorneys for criminal defendants generally do not act under color of state law when performing traditional functions as counsel."). Accordingly, to the extent it is necessary to issue a ruling, these individuals are dismissed.

The Magistrate Judge recommends abstaining from considering Plaintiff's claims for injunctive and declaratory relief related to his pending charges and incarceration pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971). Plaintiff has not specifically objected to this portion of the Report. Nevertheless, out of an abundance of caution for

5

a pro se party, the Court has reviewed this portion of the Report de novo. Upon such review, the Court agrees with the recommendation of the Magistrate Judge.

The Magistrate Judge further determined that Plaintiff failed to state a plausible claim for relief. As to Plaintiff's claim that he has been denied bond in violation of the Eighth Amendment, the Magistrate Judge asserts that he has no federal rights to be released on bond; accordingly, this claim is not cognizable. In his objections, Plaintiff states that "a bond should have been granted to me" but was not because Defendant Aiken lied at the bond hearing. ECF Nos. 16 at 1; 17 at 2. The Court notes that Plaintiff's allegations implicate Defendant Aiken, who is subject to dismissal from this action. Moreover, as explained in more detail by the Magistrate Judge, "'Plaintiff has no federal right to be released on bond' for his pending state criminal charges . . . ." ECF No. 14 at 14 (quoting *Odom v. Smalls*, C/A No. 3:09-cv-00629-PMD, 2009 WL 3805594, at *3 (D.S.C. Nov. 12, 2009)) (emphasis omitted). Accordingly, this claim is dismissed.

The Magistrate Judge recommends dismissal of Plaintiff's claims for false arrest, false imprisonment, and/or malicious prosecution because Plaintiff has been indicted by the grand jury and his charges are still pending. In his objections, Plaintiff generally contends that his arrest was not supported by probable cause, that no finding of probable cause has ever been made, and that there were errors in his preliminary hearing. ECF No. 17 at 1–2. As previously discussed, Plaintiff was indicted on all of his pending charges; these indictments are sufficient evidence of probable cause. "[A]n indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012)

6

(internal quotation marks omitted); *see also Provet v. South Carolina*, No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007) (concluding that § 1983 claims of false arrest and malicious prosecution were precluded because of the issuance of an indictment). *See also* https://www2.greenvillecounty.org/SCJD/Public Index/PISearch.aspx (searching for Plaintiff's name) (last visited Apr. 1, 2025). Further, Plaintiff's charges remain pending. *See Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (holding in order to state a constitutional claim for malicious prosecution, "a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor"); *Thompson v. Clark*, 596 U.S. 36, 49 (2022) ("[A] Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction."). *See also Capell v. Moates*, No. 6:24-CV-4779-DCC-BM, 2024 WL 4627825, at *4 (D.S.C. Sept. 6, 2024), *report adopted,* 2024 WL 4627807 (D.S.C. Oct. 30, 2024). Accordingly, these claims are subject to dismissal.[2]

The Magistrate Judge further recommends dismissal of Plaintiff's claim that his speedy trial rights have been violated based on the length of time between his arrest and

---

[2] To the extent Plaintiff alleges errors in his preliminary hearing, he has failed to state a constitutional violation. *See Reynolds v. South Carolina*, No. 4:17-cv-298-BHH-MGB, 2017 WL 9288222, at *4 (D.S.C. Mar. 1, 2017) (summarily dismissing claim that the plaintiff was not afforded a preliminary hearing where he was indicted), *report adopted*, 2017 WL 2115576 (D.S.C. May 16, 2017), *aff'd*, 698 F. App'x 103 (4th Cir. 2017).

7

the issuance of the indictments. Plaintiff objects. ECF No. 17 at 2–3. The Magistrate Judge recommends dismissal pursuant to *Younger*; however, the Court notes that, to the extent Plaintiff requests monetary damages, the Fourth Circuit has held that a stay is the more appropriate course of action. Nevertheless, this claim is subject to summary dismissal.

Here, Plaintiff has raised a speedy trial claim under the Sixth Amendment, which provides that an "accused shall enjoy the right to a speedy and public trial." The right has been applied to the states through the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213 (1967). In determining whether the accused has been deprived of the right to a speedy trial, the court must consider four factors: 1) length of the delay; 2) reason for the delay; 3) the accused's assertion of the right; and 4) prejudice to the accused. *Barker v. Wingo,* 407 U.S. 514, 530 (1972). The inquiry into the length of the delay functions as a trigger mechanism for the analysis of the three other factors. *Barker,* 407 U.S. at 530. Although there is no fixed time in which an accused must be tried, the right to a speedy trial may be violated where the delay is arbitrary or unreasonable. *State v. Waites,* 240 S.E.2d 651, 653 (S.C. 1978). Additionally, a delay may be so lengthy as to require a finding of presumptive prejudice, and thus trigger the analysis of the other factors. *Id* .

Plaintiff was arrested on September 11, 2021; the indictments were returned on December 3, 2024. https://www2.greenvillecounty.org/SCJD/PublicIndex/PISearch.aspx (search for Plaintiff's name) (last visited Apr. 1, 2025). The length of time Plaintiff's charges have been pending do not necessarily implicate speedy trial concerns. *See, e.g., Ricon v. Garrison*, 517 F.2d 628, 632 & n.8 (4th Cir. 1975) (finding that a thirty-six-month

delay was "unquestionably substantial" but not as long as other delays where courts found no violation of defendants' speedy trial right and citing cases in other circuits involving delays ranging from twenty-two months to six years); *United States v. Grimmond,* 137 F.3d 823, 827 (4th Cir.1998) (finding no Sixth Amendment violation where the delay was 35 months); *United States v. Thomas*, 55 F.3d 144, 149–50 (4th Cir. 1995) (finding no Sixth Amendment violation where the delay was two-and-one-half years).

Out of an abundance of caution, the Court will proceed to a review of the remaining factors. With respect to the reason for the delay, it is clear from the public docket that Plaintiff has had two changes of criminal counsel. Further, he filed a motion for reconsideration, which required a ruling. There is no indication that the State has requested additional time. As to his assertion of the right, he has asserted his speedy trial rights here; however, there is no suggestion that he has filed a motion for violation of his speedy trial rights in the state court. *See Bennekin v. Baugh*, No. 4:14-cv-4004, 2014 WL 6909017, at *3 (D.S.C. Dec. 8, 2014) (finding that plaintiff was not foreclosed from raising delayed indictment claim and having it ruled on "by the state court judge in his on-going state criminal prosecution"). Finally, Plaintiff asserts that he has been prejudiced by being "denied . . . the ability to obtain witnesses in my favor . . . ." ECF No. 17 at 2–3. However, this is not compelling because Plaintiff has appointed counsel in his criminal case who is able to contact witnesses on his behalf. Accordingly, the Court finds that these factors do not weigh in Plaintiff's favor. Therefore, this claim is dismissed.

The Magistrate Judge recommends dismissal of Plaintiff's Fifth and Fourteenth Amendment claims for violations of due process. To the extent Plaintiff alleges a claim

that he has been denied procedural due process, the Magistrate Judge recommends dismissal because Plaintiff has failed to state a plausible claim for relief. To the extent Plaintiff alleges a substantive due process claim related to any conditions of confinement, the Magistrate Judge determined that Plaintiff has presented no allegations regarding the conditions of his confinement and he has not identified a cognizable injury related to the conditions. Plaintiff states that he has been denied due process and procedural due process. ECF No. 16 at 2. He contends that he has received no due process because his preliminary hearing was insufficient. ECF No. 17 at 1. He makes no argument with respect to conditions of confinement. The Court has previously addressed Plaintiff's argument with respect to the preliminary hearing, and, upon de novo review, finds that any conditions of confinement claim also fails for the reasons set forth by the Magistrate Judge. Accordingly, these claims are dismissed.

The Magistrate Judge further recommends dismissal because this action is duplicative. Because the action is subject to dismissal as outlined above, the Court declines to reach this recommendation.

Plaintiff states that he wants to omit Defendants Scotty R. Bodiford, the Greenville County Municipalities, and Alicia Aiken and add Greenville County Sheriff Hobart Lewis. ECF No. 17 at 3. Later, he states that wants Howie Thompson listed as the only Defendant. ECF No. 19. Because Plaintiff's claims fail as discussed herein, any request to substitute parties is denied as futile.

Finally, Plaintiff states that "would like to respectfully ask the Court as to who would be responsible for all the violation[s] to my constitutional rights, when they are violated by

10

judges, solicitors, etc. Please direct me in the correct path." *Id.* This request seeks legal advice, which the undersigned is unable to provide.

## CONCLUSION

Accordingly, the Court agrees with the recommendation of the Magistrate Judge as modified. This action is **DISMISSED** without prejudice, without issuance and service of process, and without leave to amend.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 4, 2025
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

11